**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

CELESTE A. PUPPOLO,
    *Plaintiff,*

    v.

JASON W. SHOEMAKER, *et al.*,
    *Defendants*

No. 23-cv-3269-ABA

**MEMORANDUM OPINION AND ORDER**

Upon consideration of Plaintiff's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59 (ECF No. 87), it is ORDERED that the motion is DENIED, for the following reasons.[1]

Rule 59(e) allows for a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). "It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012). A "Rule 59(e) motion 'need not be granted unless the district court finds [1] that there has been an intervening change of controlling law, [2] that new evidence has become available, or [3] that there is a need to correct a clear error or prevent manifest injustice.'" *Nicholson v. Durant*, 162 F.4th 417, 422 (4th Cir. 2025) (quoting *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010)). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to 'ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" *Crocetti v. Comm'r, Soc. Sec. Admin.*, Case No. 17-cv-1122-SAG, 2018 WL 3973074, at *1 (D. Md. Aug. 1,

---

[1] The Court previously struck the exhibit attached to Plaintiff's motion at ECF No. 87-1 and has not considered that exhibit in connection with this order. *See* ECF No. 88.

2018) (quoting *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001)). A motion for reconsideration "is not a license . . . to get a second bite at the apple." *Potter*, 199 F.R.D. at 552–53 (quoting *Shields v. Shetler*, 120 F.R.D. 123, 125–26 (D. Colo. 1988)).

On February 5, 2026, the Court held oral argument on the parties' cross-motions for summary judgment and in an oral ruling following the argument granted both motions in part and denied them in part, awarding judgment in Plaintiff's favor in the amount of $7,166.67. ECF No. 81 at 34:19–38:14; *see also* ECF No. 79. Plaintiff believes she is entitled to additional compensation and that the Court committed a clear error of law in deciding otherwise. Plaintiff argues that the Court "stacked inferences against [her]" and "resolved disputed issues of material fact, weighed competing evidence, and adopted Defendant's version of contested events in contravention of Rule 56 and binding precedent of the United States Court of Appeals for the Fourth Circuit." ECF No. 87 at 10. Plaintiff also contends that the Court's "controlling direction in oral argument constitutes clear legal error under Fed. R. Civ. 56 and Fed. R. Civ. P. 36," that "Plaintiff was materially prejudiced at oral argument when counsel, after advising the Court of his inability to hear, was not afforded full access to the Court's framing of dispositive issues," and that the case should have been "resolved by a jury, not by judicial fact-finding at the summary judgment stage in an oral argument setting." *Id.* at 10–11.

Plaintiff is not entitled to reconsideration because she mostly reargues her motion for summary judgment, which the Court granted in part. The Court concluded after oral argument that, even drawing all reasonable inferences from the evidence in Plaintiff's favor, the statute of limitations largely barred Plaintiff's claims because she undisputedly had known about a check since March 2019 that was a main basis for her claim, and that she now asserts was forged. Thus, Plaintiff had at least inquiry notice of

2

her claim as of that date—which was more than four and a half years before the complaint in this case was filed (in December 2023). ECF No. 81 at 31:1–34:18. The only claim that remained timely was for money Defendant admitted he owed Plaintiff. *Id.* at 31:7–32:20; 34:22–35:14.

Plaintiff's current motion reargues her position that she could not have known about the alleged forgery until her counsel discovered it in 2025. If anything, Plaintiff's motion reinforces the Court's holding because Plaintiff admits that when she received the check at issue in March 2019, she *knew* the signature on the check was not hers. ECF No. 87 at 4 (stating that in March 2019, Plaintiff "commented to Mr. Miller that the script signature presented to her was not her signature, and in fact the middle initial was missing, in addition to the signature not being written by her"); *id.* at 9 ("Although [Plaintiff] stated to Mr. Miller upon his inquiry that the signature was not her own, [Plaintiff] was unaware . . . that Defendant's actions were in fact a very serious criminal matter."). Contrary to Plaintiff's argument, the Court did not weigh evidence at the hearing or resolve genuine disputes over material facts. *See* ECF No. 81 at 23:4–8 (the Court stating that "I see this check that you've pointed me to and to be clear, I'm not weighing credibility. I'm not ruling one way or the other on whether there was a forgery. What I would be ruling is that any claim arising from that check expired as a matter of the statute of limitations"). The uncontroverted evidence showed that Plaintiff had possessed the check that is the foundation of her claims since March 2019. As a matter of law, Plaintiff was at least on inquiry notice of her claim against Defendant at that point. *Id.* at 24:23–25:3 (the Court explaining that "[t]he fact that [Plaintiff] has the check in 2019 with a signature that has her name on it, that puts her on at least inquiry

3

notice that if she thinks that's a forgery, that's when she has to start to act. And if there's a lawsuit arising from it, it has to be filed within three years").

Plaintiff also reasserts her arguments that additional discovery is warranted to, among other things, investigate un-pled RICO claims. As the Court explained, it had extended the discovery period multiple times; this was too late to seek additional discovery or insert additional previously unpled claims. *Id.* at 19:24–20:4, 36:12–37:17.

Regarding Plaintiff's allegation that the Court controlled the direction of the oral argument and that, somehow, that prejudiced her, the transcript speaks for itself. ECF No. 81. Moreover, oral argument on summary judgment motions is discretionary and its purpose is to aid the Court. *See Scott v. Health Net Fed. Servs., LLC*, 463 F. App'x 206, 209 (4th Cir. 2012) ("There is no requirement that a ruling on a motion for summary judgment be preceded by a hearing."). Regarding alleged prejudice from counsel's inability to hear, the Court provided counsel a headset, which he used and confirmed that, if anything, the audio was too loud. ECF No. 81 at 5:12–6:12. And finally, as for Plaintiff's argument that the case should have been resolved by a jury rather than at the summary judgment stage, she is incorrect. As stated above and as stated on the record by the Court at oral argument, there were no genuine disputes as to any material facts given that Plaintiff admitted to having the relevant check since 2019 and Defendant admitted that some money was still owed to Plaintiff. When this is the posture of a case, summary judgment is appropriate. Fed. R. Civ. P. 56(a).

April 8, 2026                                     _____/s_____
                                                  Adam B. Abelson
                                                  United States District Judge